UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE
CASE NO: 7:23-cv-00078-REW-EBA

AUDRA "KAT" JOHNS and
ROBERT JOHNS As Parents,
Guardians, and Next Friends of RJ a Minor                               PLAINTIFF

-vs-    **ANSWER OF PAINTSVILLE INDEPENDENT BOARD OF EDUCATION**

PAINTSVILLE INDEPENDENT BOARD
OF EDUCATION; TIFFANY AUSTIN,
In her Individual Capacity as a Principal of
Paintsville High School; TOMMY POE,
In his individual Capacity as a Vice-Principal
of Paintsville High School; RORY BIALECKI,
In his individual capacity as a Teacher at
Paintsville High School,                                                  DEFENDANTS

_____

Comes now the Defendant, PAINTSVILLE INDEPENDENT BOARD OF EDUCATION, by and through counsel, and for its answer to the complaint states as follows:

1. The complaint should be dismissed on the grounds that it fails to state a claim against the Defendants, and each of them, for which the Court can properly grant relief.

2. Unless proof of record demonstrates otherwise the answering Defendant admits the allegations contained in numerical paragraphs 1, 2, 3, 5, 7, 8, 9, 10, 11, 12, 13, 14, 15, 68, 86, 101, 102, 110 in part (unaware of the exact time or if required time), 113, 117, 118, 136, 139, 141, 144, 145, 175, 177 in part (occurred on this date, not before), 180 in part (depending upon where occurred), 189, 201, 210 and 216 of the complaint.

3. The answering Defendant lacks sufficient knowledge to form a belief as to the truthfulness of the allegations contained in numerical paragraphs 4, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49,

50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 92, 93, 94, 95, 96, 97, 98, 103, 104, 106, 107, 108, 109, 111, 112, 114, 115, 116, 119, 120, 121, 123, 124, 125, 126, 127, 135, 137, 143, 146, 147, 148, 149, 150, 151, 152, 153, 156, 158, 159, 160, 161, 162, 176, 178, 182, 204, 206 and 207 of the complaint and therefore denies same.

4. The answering Defendant admits the first sentence of numerical paragraph 6 and lacks sufficient information to form a belief regarding the second sentence and therefore denies same.

5. The answering Defendant admits that part of numerical paragraph 87 which states that Robert Johns and Audra "Kat" Johns reported bullying and harassment RJ was enduring and the impact it was having on his mental health and learning.

6. The answering Defendant admits the allegations contained in numerical paragraph 89 as the reports concerned incidents that were occurring outside of the school building and not during school time.

7. The answering Defendant admits that part of numerical paragraph 90 which states that Ms. Austin stated that the allegations made would be documented. The Defendant denies the remaining allegations.

8. The answering Defendant denies the allegations contained in numerical paragraphs 88, 91, 95, 99, 100, 105, 138, 140, 142, 143, 154, 155, 157, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 181, 183, 184, 185, 186, 187, 188, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 205, 208, 209, 214, 215, 217, 218, 219 and 220 of the complaint.

9. The answering Defendant admits that part of numerical paragraph 122 which states that RJ missed school and lacks sufficient knowledge to form a belief regarding the remaining allegations and therefore deny same.

10. The answering Defendant admits that part of numerical paragraph 149 which states that Audra "Kat" Johns reported on one occasion that RJ was having issues with these boys and denies the remaining allegations contained therein.

11. The answering Defendant states that the documents referred to in numerical paragraphs 128, 129, 130, 131, 132. 133, 134 speak for themselves and require no affirmative response. To the extent that a response is necessary the answering Defendant denies unless the contents are true and correct as reflected in the complaint.

12. In response to numerical paragraphs 179, 202, 203, 211, 212 and 213 the answering Defendants state that the duties and legal responsibilities of school administrators are questions of law and require no affirmative response. To the extent that the Plaintiff attempts to broaden answering Defendants legal duties, legal responsibilities, or applicable law the answering Defendants denies said allegations.

13. The answering Defendant states that the duties and responsibly of school teachers and administrators are defined by state and federal law. To the extent that the Plaintiff attempts to broaden the legal duties and responsibilities of the Defendant, the answering Defendant denies said allegations.

14. The answering Defendants deny each and every statement, allegation and demand contained in the complaint not heretofore expressly admitted.

15. The answering Defendant states that the claims of the Plaintiff inasmuch as they attempt to assert liability on the basis of respondeat superior or vicarious liability are barred as a matter of both federal and state law.

16. The answering Defendant states that the state law claims of the Plaintiff against the individual Defendants are barred by operation of the doctrine of qualified immunity upon which the individual Defendant or Defendants rely as a complete and affirmative defense to this action.

17. The answering Defendants state that the claims of the Plaintiff against the Defendants are barred by the doctrine of absolute immunity, official immunity, and good faith immunity and all other immunities and privileges available to him as an educator, teacher and school administrator.

18. The Board of Education is not a "person" for purposes of any claim under 42 U.S.C. §1983.

19. The Board of Education is entitled to immunity under the Eleventh Amendment to the United States Constitution for any claims arising under federal statutory or constitutional law in the absence of a proper waiver or abrogation of such immunity.

20. If the Complaint states any tort or contract claim, rather than solely a claim under 42 U.S.C. §1983, then the Board of Education is entitled to governmental immunity from suit and damages as to each and every such claim asserted by the Plaintiff, as the Board at all relevant times was acting pursuant to its governmental function and was not performing any proprietary function. The answering Defendants state that the Defendants at all times acted in good faith and exercised reasonable care and skill in effectuating their duties as required by law.

21. The Board of Education and its executive officer have acted in conformity with all

applicable statutes, regulations, common law, and in conformity with the Constitutions of the Commonwealth of Kentucky and the United States of America, and with clear authority to so act.

22. The answering defendants state that the claims of the plaintiff inasmuch as they attempt to assert liability on the basis of respondeat superior are barred as a matter of both federal and state law.

23. The Board of Education has no authority to take action concerning or relating to individual employees below the level of Superintendent and took no action relating to the Plaintiff.

24. The Board of Education provisionally pleads as affirmative defenses those of FRCP 8(c) and 12, as if fully stated herein, with the applicability thereof, if any, to be determined following discovery; but specifically pleads estoppel, laches, waiver, and failure to state a claim upon which relief can be granted.

25. The alleged injuries or damages to the Plaintiff, if any are proven, were caused in whole or in part by the failure of the Plaintiff to exercise reasonable care in her own conduct, and but for this failure, the alleged injuries or damages would not have occurred; or, alternatively, the conduct of the Plaintiff contributed substantially to the injuries or damages to herself by her own conduct and any damages incurred by the Plaintiff should proportionately be reduced.

26. The answering Defendant asserts and relies upon each and every common law defense available to him.

27. The answering Defendant asserts each and every privilege, defense and immunity available to them under the laws of the United States of America and the Commonwealth of Kentucky.

28. The answering Defendant asserts that the claims of the Plaintiff are barred either in whole or in part by reason of the contributory negligence of the parents, AUDRA "KAT" JOHNS and ROBERT JOHNS.

29. The Defendants assert that liability and damages in this action must be allocated by percentages of fault as required by KRS 411.118 and these Defendants demand an allocation of fault between all parties, including settling non-parties, and others as required by applicable Kentucky statutes and common law.

30. The Plaintiff has failed to join necessary and indispensable parties to this action and by reason thereof this case should be dismissed or the Plaintiff otherwise required to join the party or parties alleged to have had prior notice of alleged abuse or injury of the minor child or caused injury.

31. These answering Defendant states that the injuries and damages complained of are the result, either in whole or in part, of an intervening and superseding cause over which these Defendants had no control and for which they bear no responsibility as a matter of law.

32. The Defendants state that the facts and circumstances of this case do not arise to the level of warranting a punitive damage instruction against any or all of the answering Defendant.

33. The answering Defendant states that the Plaintiffs' claim for punitive damages is barred by operation of the constitutions of the Commonwealth of Kentucky and the United States of America as amended. The Plaintiffs' claim for punitive damages is not supported by the facts and circumstances surrounding the incident complained of by the Plaintiff and should therefore be dismissed.

34. Punitive damages are not available against a municipal corporation under 42 U.S.C.

§1983 or against a State agency under State law; and, in any event, the Plaintiff has failed to allege facts which would authorize an award of punitive damages against the Board of Education.

35. The Board of Education affirmatively pleads entitlement to any right of contribution and/or indemnification for the wrongful acts of others.

36. The Complaint does not identify any policy, custom, or practice which was adopted, approved, accepted, or acquiesced in by the Board of Education which served as the cause of any injury or damage allegedly sustained by the Plaintiff, nor does the Complaint identify any act or omission by any final policy maker which would give rise to a judgment against this Defendant.

37. The Complaint fails to allege sufficient facts to merit the imposition of municipal liability on the Board of Education; or, in the alternative, the Board of Education is entitled to municipal immunity.

38. The answering Defendant asserts the Paul D. Coverdell Teacher Protection Act of 2001 as complete and affirmative defense to this action.

39. The answering Defendant reserves the right to amend their answer so as to assert additional defenses which may become available as this case proceeds through the discovery process.

WHEREFORE, having fully answered, the answering Defendant demands that the complaint be dismissed and that the Plaintiffs take nothing thereby, for their costs herein expended, for trial by jury, and for any and all other relief to which the Defendant appears entitled.

                                                   PORTER, BANKS, BALDWIN & SHAW, PLLC
                                                   327 Main Street, P.O. Drawer 1767
                                                   Paintsville, Kentucky 41240-1767
                                                   Telephone:    (606) 789-3747

        Facsimile: (606) 789-9862

    By: */s/ Jonathan C. Shaw*_____
       Jonathan C. Shaw
       jshaw@psbb-law.com
       Counsel for Defendant Tommy Poe

<u>CERTIFICATE OF SERVICE</u>:

I hereby certify that on January 3, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and I further certify that I mailed a true and correct copy of the foregoing to:

Benjamin T.D. Pugh (*tom@prlaw.legal*)
Christopher D. Roach (*chris@prlaw.legal*)
Pugh & Roach, Attorneys at Law
28 W. Fifth Street
Covington, KY 41011

This 3rd day of January 2024.

    By: */s/ Jonathan C. Shaw*_____
       Jonathan C. Shaw